IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SHAUN MACK, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 04-3477-CV-S-FJG-H |
| ROBERT McFADDEN, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it must be recommended that he be denied relief to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he received a disciplinary report for allegedly leaving the educational center at the Medical Center without authorization, and that as a result, he was denied commissary privileges for 14 days.

Respondents maintain that petitioner was found guilty by the Unit Disciplinary Committee ["UDC"] of Unexcused Absence from an Education Assignment. It is asserted that, under the standard enunciated in Superintendent, M.C.I. Walpole v. Hill, 472 U.S. 445(1985), due process requirements are satisfied if some evidence supports the decision of the committee. Respondents contend that this standard was met by the UDC in this case because the record clearly indicates that petitioner's education supervisor told him not to leave the Education Department until the class was

over at 8:00 p.m., and he left at 7:00 p.m., without any staff member's permission.

The record indicates that petitioner had foot surgery on March 3, 2004, and as a result, was relieved from his work assignment in the laundry at the Medical Center from that date until March 24, 2004. This was because he could not wear work shoes for three weeks. On March 11, petitioner went to his college accounting class. He started having foot pain, and spoke to the Education Supervisor before he left the class. He contends that he thought he had permission to leave. According to the record, however, the Supervisor had told the class before it started that no one could leave until it was over. As a result of petitioner leaving the class without permission, he was found guilty by the UDC of Unexcused Absence from Work or Any Assignment, because his convalescent care had ended on March 9, 2004. He was sanctioned to two weeks of commissary restriction for this rule violation. This finding, according to petitioner, was made in error because he was still on convalescent status until March 24.

According to respondents, while petitioner may have thought he could leave the class because he spoke to the Supervisor before leaving, the Supervisor did not give him permission to do so, given that he wrote the disciplinary report. Further, respondents contend that petitioner's no-work status should not be confused with failure to attend other program assignments. It is asserted that petitioner left inpatient hospital housing status two days after surgery because he was pain free, and as a result, he accepted regular institution programs, including educational assignments. The prohibition on work until March 24 was because he could not wear shoes due to his non-weight bearing status and use of crutches until March 24.

Having fully reviewed the record, the Court finds that the standard set forth in <u>Hill</u> has been met in this case. The law requires, in a prison disciplinary hearing, that the findings of the hearing officer must be supported by "some evidence" in the record. <u>Id.</u> at 455-56. It is clear

that in this case, there is some evidence to support the finding that petitioner had an unexcused absence from an educational assignment. Accordingly, it must be recommended that his petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis and that the petition be dismissed without prejudice.

 /s/ James C. England  
JAMES C. ENGLAND  
United States Magistrate Judge

Date:   12/19/05